U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 27 2015
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL BERNARD ROBINSON, 01656271, ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WILLIAM STEPHENS, Director, TDCJ-CID, ) <br> Respondent. ) | No. 3:14-CV-2940-P |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for robbery, enhanced by two prior convictions. *State of Texas v. Michael Bernard Robinson*, No. F-0972625-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., June 30, 2010). Petitioner was sentenced to twenty-five years in prison.

On December 5, 2011, the Fifth District Court of Appeals affirmed. *Robinson v. State*, No. 05-10-00855-CR, 2011 WL 6034511 (Tex. App. – Dallas, Dec. 5, 2011). On March 28, 2012, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 037-12.

On May 2, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Robinson*, Application No. 81,412-01. On July 23, 2014, the Court of Appeals denied the petition without written order.

On August 11, 2014, Petitioner filed this federal petition. He argues:

(1) He received ineffective assistance of appellate counsel when counsel:

    (A) raised a frivolous claim on direct appeal;

    (B) failed to raise an insufficiency of the evidence claim on appeal; and

(2) He received ineffective assistance of trial counsel when counsel:

    (A) failed to raise a community property defense; and

    (B) failed to raise a "necessity defense."

On November 14, 2014, Respondent filed his answer. On February 13, 2015, Petitioner filed a reply. The Court now finds the petition should be denied.

## II. Factual Background

The following factual background is taken from the state appellate court's decision.

> [Robinson] and the complainant lived together for several months until the complainant ended their relationship. She said [Robinson] was upset over the breakup. The complainant testified she went to a night club one evening after the breakup and had been at the club about an hour when [Robinson] arrived. She tried to leave the club when she saw [Robinson], but [Robinson] walked up to her, said "Oh, you're out whoring," and "put his forearm in her throat." She struck him and they began to fight. The complainant had her car keys in her hand as she swung at [Robinson], and [Robinson] grabbed her hand and tried to take the keys. She testified that "the more I held on to the keys, the harder he struck me in the back of my head, so I loosened the grip on the keys." [Robinson] took the keys and drove off in the complainant's car. Sometime later, [Robinson] called the complainant and told her the car was parked at a different club around the corner from the club where the incident happened. A friend took her to get the car. The keys were in the car; two tires on the car were flat.

*Robinson v. State*, 2011 WL 6034511 at *1.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### 2. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

(A) **Appellate Claims**

Petitioner claims appellate counsel was ineffective when counsel raised a frivolous claim on direct appeal and failed to raise an insufficiency of the evidence claim.

On direct appeal, counsel argued the trial court abused its discretion when it refused to charge the jury on the lesser-included offense of assault. (Appellant's Appeal Brief at 1); *Robinson*, 2011 WL 6034511 at *1. Petitioner claims this issue was frivolous because trial counsel did not request this jury instruction, and it therefore was not preserved for appeal. The appellate court, however, assumed without deciding, that trial counsel's objection to the jury charge preserved this issue for appeal. *Id.* at *1 n.1. The appellate court therefore considered the claim on the merits.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**       Page -4-

Additionally, on state habeas review, appellate counsel submitted an affidavit stating:

> I concluded the best strategy was to argue that the trial court reversibly erred in refusing to submit an instruction on the lesser-included offense of assault, which requires a much less onerous showing than a challenge to the sufficiency of the evidence. Though I believed that the evidence was sufficient to support a finding of guilt, I believed that the evidence could have allowed the jury to convict [Robinson] only on the lesser included offense of assault.

(*Ex parte Robinson* at 57.) Petitioner has failed to show that his counsel's conduct fell outside of reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Petitioner has also failed to establish that counsel was ineffective for failing to argue the evidence was insufficient to support the conviction. A federal court may not disturb a conviction in a state criminal proceeding unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 443 U.S. 319; *Gibson*, 947 F.2d at 781.

Under Texas law, a defendant commits robbery if, in the course of committing theft, he:

(1)   intentionally, knowingly, or recklessly causes bodily injury to another; or

(2)   intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE §29.02.

Petitioner claims the evidence was insufficient to prove robbery because the evidence was insufficient to prove theft. Petitioner claims he had no intent to take the car at the time he assaulted the complainant.

A person commits theft if he:

(a)   [U]nlawfully appropriates property with intent to deprive the owner of property.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-

    (b)    Appropriation of property is unlawful if:

        (1)    it is without the owner's effective consent . . .

TEX. PENAL CODE § 31.03. Intent is a fact issue for the jury. *McGee v. State*, 923 S.W.2d 605, 608 (Tex. App. – Houston, 1992, no pet.) (citing *Linder v. State*, 828 S.W.2d 290, 294 (Tex. App. – Houston 1992, pet. ref'd)). The jury may infer intent by the defendant's conduct and the surrounding circumstances. *Id.*

The complainant testified that on the night of the incident, she went to the bar by herself. (Trial Tr. Vol. 3 at 13.) She stated that after about an hour, she saw Petitioner walk into the bar. (*Id.*) She decided to leave, but Petitioner walked over to her and hit her in the throat. (*Id.* at 14.) The complainant stated she fought back and that she and Petitioner fell to the ground fighting. She testified she had her keys in her hand while she tried to hit Petitioner, but that Petitioner kept hitting her on the back of her head. (*Id.* at 14-15.) She stated she believed Petitioner wanted the car keys. (*Id.* at 16.) She relaxed her grip on the keys, and Petitioner took the keys. (*Id.* at 17.) While she was still on the ground, Petitioner left the bar with her keys and drove off in her car. (*Id.* at 17.)

The complainant testified that while she and Petitioner were dating, she gave Petitioner permission to drive her car, but that she broke up with him before the incident. (*Id.* at 11-12, 18.) On the night of the incident, she did not give Petitioner permission to drive or take the car. (*Id.* at 27-28.) She testified that she owned the car, and that Petitioner did not have a set of keys to the car. (*Id.*)

Petitioner's girlfriend, Verline Broomfield, also testified. Broomfield stated that the Petitioner used the complainant's car when Petitioner and the complainant were dating. (*Id.* at

64.) Broomfield also testified that the complainant owned the car. (*Id.*)

Viewing this evidence in the light most favorable to the verdict, the Court finds there was sufficient evidence to support the jury's finding that Petitioner intended to take the complainant's car without complainant's permission. Petitioner's claim that counsel was ineffective for failing to raise an insufficiency of the evidence claim is without merit.

**(B)  Necessity**

Petitioner claims his trial counsel was ineffective because counsel failed to raise a defense of necessity. Petitioner states it was necessary for him to take the complainant's keys to stop her from hitting him with the keys.

Under Texas law, the defense of necessity requires that: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX. PENAL CODE § 9.22

Petitioner, however, has failed to explain why it was necessary to take the complainant's car. He has therefore failed to show he met the requirements for a necessity instruction. He has also failed to show that had his counsel requested a necessity instruction, the trial court would have granted the motion. Petitioner's ineffective assistance of counsel claim is without merit.

**(C)  Community Property**

Petitioner claims trial counsel was ineffective because counsel failed to argue that the complainant's car was community property. Petitioner argues he and the complainant had a

common law marriage, so her car became their community property, and he could not have committed theft. On state habeas review, Petitioner also submitted affidavits from individuals who stated that Petitioner and the complainant held themselves out to be married.

On state habeas review, trial counsel submitted an affidavit responding to Petitioner's claims. (*Ex parte Robinson* at 58-59.) Counsel stated Petitioner never informed him of a common law marriage and never provided him with names of witnesses who could support a claim of common law marriage. (*Id.*) There was no evidence at trial of a common law or other marriage between Petitioner and complainant. Additionally, the complainant testified that she bought the car in February, 2009, and paid the full $2,000 for the car at that time. (Trial Tr. Vol. 3 at 27, 31.) The complainant also testified that she did not begin dating Petitioner until March, 2009. (*Id.* at 31.) Since the complainant bought the car prior to her relationship with Petitioner, even if she later entered a common law marriage with Petitioner, the car would have been her separate property. *See* Tex. Const. art. XVI, § 15 ("All property, both real and personal, of a spouse owned or claimed before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of that spouse...."; *see also* Tex. Fam.Code Ann. § 3.001 (West 2009) (stating separate property is that property owned by a spouse before marriage, acquired during the marriage by gift, devise, or descent, and the recovery for personal injuries sustained during the marriage). Petitioner's ineffective assistance of counsel claim is without merit.

### 3. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law

and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 27 day of October, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).